Green, Judge,
delivered the opinion of the court:
The plaintiff made three contracts with defendant to deliver it motor gasoline at Manila, P.I. Under the first and second contracts delivery was to be made “ ex-bonded tank, Manila.” Under the third agreement delivery was to be in contractor’s drums “ ex-bonded store, Manila.” Gasoline was shipped and delivered in accordance with the agreements. In so doing the plaintiff was required to and did pay to the Philippine Government customs duties thereon aggregating $5,587.08. The defendant paid for the gasoline but the plaintiff demanded, a further payment of the amount of the duties so paid which was refused and this suit has been brought to recover the amount thereof.
The defense set up is that the plaintiff was not required to pay the customs duties for the reason that the gasoline was to be delivered to the United States for its use, and it is said that Congress never intended that supplies for the use of the Government of the United States, whether imported by itself or sellers to it, should be liable for customs duties. This defense is wholly without merit. The gasoline involved was shipped to the Philippine Islands by the plaintiff, and after passing through the customs house delivered either to the plaintiff or its agent. It needs no *706 argument to show that gasoline so imported into the Philippine Islands would be subject to duty. Moreover, the contracts expressly required this course of procedure. Each of them specified that the gasoline was to be delivered to the defendant in the Philippine Islands, under one contract “ ex-bonded store, Manila ”, and under the other two “ ex-bonded tank, Manila.” The evidence shows conclusively that this meant it should be delivered to the defendant duty paid, and that the amount of customs duties assessed was to be paid by the purchaser over and above the purchase price of the gasoline as set forth in the contracts.
If any doubt can arise as to the meaning of the written contracts taken by themselves, or any ambiguity be found therein, the proper meaning and construction are completely settled by further evidence that there was an oral understanding with reference to the construction of the contracts existing between the contractor and the Government officials that the Government was liable to the plaintiff for any import tax which might be assessed against gasoline delivered to the United States Government “ ex-bonded tank, Manila ”, if such gasoline was of foreign origin.
The question of whether the United States Government would be liable for import duties if it should itself bring gasoline into the Philippine Islands for its own purposes is not involved in the case; nor does the fact that the gasoline, after having been brought into the islands, was delivered to defendant for its use alter the rule. Under the terms of the contracts the Government was not the owner of the gasoline purchased until it was delivered to it at Manila, and this delivery did not take place until it had passed the customs house.
Being imported in this manner, the gasoline was clearly subject to duty and under the contracts between the parties the defendant was required to reimburse the plaintiff for the amount of duty paid.
The defense is without merit and plaintiff is entitled to recover the amount claimed. Judgment will be entered accordingly.
Whaley, Judge; Williams, Judge; LittletoN, Judge; and Booth, Chief Justice, concur.